UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JACK WIERSMA, Individually,<br>　　　Plaintiff<br><br>VS.<br><br>114 GV TOWERS LLC, GRAPEVINE<br>PIZZERIA, INC., d/b/a GRIMALDI'S, and<br>STETSON JJ THREE STORE I, LTD,<br>d/b/a JIMMY JOHN'S<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§　Civil Action No._____<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S COMPLAINT

NOWN COMES Plaintiff, JACK WIERSMA, by and through his attorney, McCown, P.C., files this Complaint against Defendants, 114 GV TOWERS LLC, GRAPEVINE PIZZERIA, INC., d/b/a GRIMALDI'S, and STETSON JJ THREE STORE I, LTD., d/b/a JIMMY JOHN'S for declaratory and injunctive relief along with actual and statutory damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"), and its implementing regulations 28 C.F.R. Part 36 ("ADA Regulations"), Chapter 121 of the Texas Human Resources Code ("THRC"), Chapter 469 of the Texas Government Code (the Texas Architectural Barriers Act ("TABA")), and the Texas Accessibility Standards ("TAS").

## JURISDICTION AND VENUE

1.　This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws

or treaties of the United States, and any Act of Congress providing for the protection of civil rights, respectively.

2.  This Court has jurisdiction pursuant to 28 U.S.C. §1367, which gives district courts supplemental jurisdiction over state law claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

3.  Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) because the events giving rise to this Complaint occurred in this district.

**PARTIES**

4.  Plaintiff is a citizen of the United States and resides in the County of Tarrant, State of Texas, and qualifies as an individual with disabilities as defined by §12102(2) of the ADA and §36.104 of the ADA Regulations. Plaintiff qualifies as a "person with a disability" as defined by §121.002(4) of the THRC and §469.002(4) of the TABA. Plaintiff's mobility is impaired, and he is bound to ambulate in a wheelchair or other assistive devices.

5.  Defendant 114 GV TOWERS LLC is a Texas limited liability company and is the owner of commercial real estate located at 1401 William D Tate Avenue, Grapevine, Texas 76051. The legal description of the property is "Hayley Addition, Block: 1, Lot: 2A1." It is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. §12181(7), its implementing regulation, 28 C.F.R. §36.104, §121.002(5) of the THRC, and §469.003(4) of the TABA. Defendant may be served by serving its registered agent: Maryann Sarris Brousseau, 4645 N Central Expressway, Ste. 300, Dallas, TX 75205.

6.  Defendant GRAPEVINE PIZZERIA, INC., d/b/a GRIMALDI'S is a Texas for-profit corporation and is the owner of commercial property located at 1401 William D Tate

Avenue, Grapevine, Texas 76051. It is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. §12181(7), its implementing regulation, 28 C.F.R. §36.104, §121.002(5) of the THRC, and §469.003(4) of the TABA. Defendant may be served by serving its registered agent: Law Offices of Robert Levine PC, 146 Westcott, Ste. 200, Houston, TX 77007.

7. Defendant STETSON JJ THREE STORE I, LTD., d/b/a JIMMY JOHN'S is a Texas limited partnership and is the owner of commercial property located at 1401 William D Tate Avenue, Grapevine, Texas 76051. It is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. §12181(7), its implementing regulation, 28 C.F.R. §36.104, §121.002(5) of the THRC, and §469.003(4) of the TABA. Defendant may be served by serving its registered agent: Charles A. Anderson, 2002 Brazos Court, Westlake, Texas 76262.

## FACTUAL BACKGROUND

8. Plaintiff relies on compliance by public accommodations with disability laws' requirements to be accessible, in order to gain equal access to all services as people without disabilities. The purpose of the ADA and Chapter 121 of the THRC is to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "enable persons with disabilities to participate in the social and economic life [... and] fully enjoy all public facilities within the state." See 42 U.S.C. §12101(b) and Tex. Hum. Res. Code§ 121.001, respectively.

9. On or about December 27, 2014 Plaintiff and his family visited GRIMALDI'S, the property that forms the basis of this lawsuit, for dinner.

10. Plaintiff encountered architectural barriers at the subject property, which discriminate against him on the basis of his disability and endanger his safety. More specifically, Defendants' parking facility was improper because there were not enough handicapped parking spaces in the parking facility, and neither the parking spaces nor the access aisles were marked so as to discourage others from parking in it. Plaintiff and his family viewed JIMMY JOHN'S employees parking in what should be marked as the access aisles in the parking facility.

11. Plaintiff returned to the property on March 25, 2015, and encountered the same problem. Defendants' parking facility did not include the required number of handicapped parking spaces, and neither the parking spaces nor the access aisles were properly marked. Plaintiff again viewed JIMMY JOHN'S employees leaving from and parking in what should be marked as the access aisles. Plaintiff was required to wait for a JIMMY JOHN'S employee to leave the "parking space" in order to enter his own van accessible vehicle.

12. Plaintiff plans to return to the property to avail himself of the goods and services offered to the public at the property; however, these barriers have prevented and will prevent Plaintiff from returning to the property to enjoy the goods and services available to the public.

13. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to alter their facilities in compliance with the requirements of the ADA and TAS to make them readily available to and usable by Plaintiff and others with disabilities.

## ADA CAUSE OF ACTION

14. The facts alleged in paragraphs 1 through 13 of the Complaint are hereby re-alleged and incorporated by reference as if fully stated herein.

15. DEFENDANTS, as owners, lessors, lessees, or operators of a place of public accommodations are required to comply with the requirements of the ADA and its implementing regulations.

16. Defendants discriminated against Plaintiff on the basis of his disability in the full and equal enjoyment of its services, facilities, privileges, advantages, and accommodations, in violation of 42 U.S.C. §12182, and its implementing regulations at 28 C.F.R. Part 36. A preliminary inspection of Defendants' property has shown that violations of Title III include, but are not necessarily limited to:

    (a) The number of disabled parking spaces is not in compliance with the Code of Federal Regulations requirements;

    (b) The handicapped accessible spaces are improperly marked and dispersed;

    (c) The handicapped accessible spaces were not the proper width;

    (d) The access aisles were not marked so as to discourage others from parking in them;

17. The Defendants have discriminated and continue to discriminate against the Plaintiff and all individuals with disabilities by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, and advantages of Defendants' place of public accommodation or commercial facility.

18. Plaintiff is without adequate remedy at law and is suffering irreparable harm.

## TEXAS CAUSE OF ACTION

19. The facts alleged in paragraphs 8 through 13 of the Complaint are hereby re-alleged and incorporated by reference as if fully stated herein.

20. DEFENDANTS, as owners, lessors, lessees, or operators of a place of public accommodations are required to comply with the requirements of the THRC, the TABA, and TAS.

21. Defendants discriminated against Plaintiff on the basis of his disability in the full and equal enjoyment of its services, facilities, privileges, advantages, and accommodations, in violation THRC § 121.003, and TAS §208.2 and §502 *et seq*. A preliminary inspection of Defendants' property has shown that violations of the THRC, TABA, and TAS include, but are not necessarily limited to:

    (a) The number of disabled parking spaces is not in compliance with the TAS requirements;

    (b) The handicapped accessible spaces are improperly marked and dispersed;

    (c) The handicapped accessible spaces were not the proper width;

    (d) The access aisles were not marked so as to discourage others from parking in them;

22. The Defendants have discriminated and continue to discriminate against the Plaintiff and all individuals with disabilities by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, and advantages of Defendants' places of public accommodation or commercial facilities.

23. THRC §121.004(b) provides for a penalty of no less than $300 to each aggrieved party for each violation of the law, for which Defendants are liable to Plaintiff as a

result of the allegations herein.

24. Plaintiff is without other adequate remedies at law and is suffering irreparable harm.

WHEREFORE, Plaintiff, JACK WIERSMA, prays that Defendants be cited to appear and answer and that upon final hearing hereof, Plaintiff requests the Court to issue:

(a) A Declaratory Judgment that determines the Defendants are in violation of Title III of the ADA, 42 U.S.C. §12101, *et seq.*, its implementing regulations, 28 C.F.R. Part 36, Chapter 121 of the THRC, Chapter 469 of the TABA, and the TAS, delineating each violation and affirming Plaintiff's rights as a person with a disability to access the goods, services, facilities, privileges, and advantages available through Defendants;;

(b) A permanent injunction requiring Defendants, their agents, employees, and all persons acting in concert to make all readily achievable alterations to the facility or to make such facility readily accessible to and usable by individuals with disabilities in compliance with the requirements of Title III of the ADA, 42 U.S.C. §12101, *et seq.*, its implementing regulations, 28 C.F.R. Part 36, the THRC, TABA, and TAS; and to require the Defendants to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford all offered goods, services, facilities, advantages, or accommodations to individuals with disabilities and to take such actions that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

(c) An order requiring Defendants to provide proof or certification of compliance in accordance with the ADA and TX Govt. Code §469.105 in a form and manner acceptable to the Court;

(d) An award of presumptive damages in the amount of at least three hundred ($300.00) dollars for each violation of the law for which Defendant is liable to Plaintiff pursuant to Section 121.004(b) of the THRC;

(e) An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. §12205 and 28 C.F.R. §36.505; and

(f) An order of additional, appropriate relief as the interests of justice require, and/or as is allowable by law or in equity.

Respectfully submitted this __20th__ day of __April__, 2015,

**McCOWN, P.C.**

*/s/ Brigham A. McCown*
_____
Brigham A. McCown
State Bar No. 24037061

141 Countryside Court, Suite 100
Southlake, Texas 76092
Tel. (214) 296-4843
Fax. (800) 420-4417
E-Mail. bmccown@mccownpc.com

ATTORNEYS FOR PLAINTIFF

# **CERTIFICATE OF SERVICE**

The undersigned certified that a true and correct copy of the foregoing was served upon the following in accordance with Federal Rules of Civil Procedure on this this  20th  day of April, 2015:

114 GV Towers, LLC
Attn: Maryann Sarris Brousseau
4656 N Central Expwy, Ste 300
Dallas, TX 75205

Grapevine Pizzeria, Inc., d/b/a Grimaldi's
Attn: Law Offices of Robert Levine PC
146 Westcott, Ste 200
Houston, TX 77007

Stetson JJ Three Store I, Ltd., d/b/a Jimmy John's
Attn: Charles A. Anderson
2002 Brazos Court
Westlake, TX 76262

_____
Brigham A. McCown, One of Counsel